

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

AVIS FARMER
    Vs.                                          C.A. No.     2019 CA 003196 B
AFGE

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                                                  Chief Judge Robert E. Morin

Case Assigned to: Judge HIRAM E PUIG-LUGO
Date:  May 15, 2019
Initial Conference: 9:30 am, Friday, August 16, 2019
Location:  Courtroom 317
           500 Indiana Avenue N.W.
           WASHINGTON, DC  20001

                                                                                                          CAIO-60

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Robert E. Morin

CAIO-60

# Superior Court of the District of Columbia
## CIVIL DIVISION
### Civil Actions Branch
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
Telephone: (202) 879-1133 Website: www.dccourts.gov

Avis Farmer
_____
Plaintiff

vs.

Amer. Fed. of Govt Employees
_____
Defendant

Case Number **19 - 0003196**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Avis Farmer_
**Name of Plaintiff's Attorney**

905 E. Meadows CT.
**Address**
Oxon Hill MD 20745

**Telephone**

Clerk of the Court

By _Adriana J. Marsh_
Deputy Clerk

Date _5/14/2019_

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시요    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._**

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                     Super. Ct. Civ. R. 4



Superior Court of the District of Columbia
CIVIL DIVISION – Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

RECEIVED
Civil Clerk's Office
MAY 1 4 2019
Superior Court of the
District of Columbia
Washington, D.C.

Case No. 19 - 0003196

# COMPLAINT

Jurisdiction of this Court is founded on D.C. Code § 11-921.

| | |
|---|---|
| Avis Farmer, ~~et al Henderson & BUEs~~ | ~~J. David Cox~~, AFGE |
| PLAINTIFF vs | DEFENDANT |
| 905 East Meadows Court | 80 F Street NW |
| Address (No Post Office Boxes) | Address (No Post Office Boxes) |
| Oxon Hill  MD  20745 | Washington  DC  20001 |
| City  State  Zip Code | City  State  Zip Code |
| 3015416780 | 2027378700 |
| Telephone Number | Telephone Number |
| avisfarmer.afge@gmail.com | |
| Email Address (optional) | Email Address (optional) |

1. Write a short and plain statement of your claim, including any relevant facts, dates, and locations:

   On May 2, 2019, AFGE National informed AFGE Local 2607 that it has been terminated effective immediately.  Thus consolidating this local as long with nine (9) other regional locals in to a new Local 252 out of CA.  Locals were never given any previous insight as to that plan.  This now impacts oversight of the settlement agreement of approximately $9 million dollars of settlement from FLSA Overtime (AFGE L. 2607 v US DOEd) in jeopardy of mismanagement.

2. What relief are you requesting from the Court? Include any request for money damages.

   We are requesting that the court rule appoints an executor for oversight of of the approximately $9 million dollars that is to be disbursed to appropriate bargaining unit employees.  Our employees feel that due to the current financial status of AFGE that there is a potenial of unfair and inadequate representation of the protected classes interest..

3. State any other information, of which the Court should be aware:

AFGE is allegedly in deep financial debt. There is also significant documentation via Department of Labor oversight to show where AFGE has an abundance of cases adjudicated for mismanagement of funds, embezzlement, and theft at the oversight of AFGE National.

## SIGNATURE

To the best of my knowledge, everything in this Complaint is true and I am not filing this Complaint to harass the Defendant(s). Superior Court Civil Rules 11(b).

_[signature]_
**SIGNATURE**

5.14.2019
**DATE**

Subscribed and sworn to before me this ___14th___ day of ___May___ 20_19_.

_____
(Notary Public/Deputy Clerk)

US Govt ID exp. 3/2029

2

## IN THE MATTER OF GRIEVANCE/ARBITRATION BETWEEN

| | |
|---|---|
| American Federation of Government Employees (AFGE), Local 2607, Union, <br><br> v. <br><br> U.S. Department of Education, Agency. | FLSA Overtime Grievance <br><br> Arbitrator: Joseph M. Sharnoff, Esquire <br><br> FMCS Case Number: 110811-03699-A |

### FINAL SETTLEMENT AGREEMENT

This Final Settlement Agreement is entered into by and between the U.S. Department of Education (hereafter referred to as the "Agency") and the American Federation of Government Employees (AFGE), Local 2607 (hereafter referred to as the "Union"), collectively referred to as the "Parties." On or about December, 2009, the Union filed a Grievance which included allegations of overtime violations of the Fair Labor Standards Act (FLSA), Title V (FEPA) and the Collective Bargaining Unit (CBA) on behalf of all bargaining unit positions and employees at the Agency represented by the Union for which such a Grievance could be pursued.

Since the filing of this Grievance, the Parties engaged in extensive settlement negotiations in an effort to narrow the scope of the unresolved issues in the Grievance. The Parties have participated in a significant number of hearing sessions and numerous meetings and discussions, both formal and informal, along the pathway to this resolution. There has been a substantial amount of information gathered, exchanged and processed.

The Parties previously entered into a partial Settlement Agreement on February 22, 2013 which was superseded by a second partial Settlement Agreement on April 15, 2016. Those two partial Settlement Agreements, which addressed the FLSA exemption status Grievance issues, are hereby incorporated into this Final Settlement Agreement and are attached as Attachments 1 and 2.

The Parties have now reached agreement on all damages and other monetary issues, hereby resolving the Grievance in full. Accordingly, the Parties now enter into this Final Settlement Agreement in full resolution, for those covered by the Grievance, of any and all claims which were or could have been raised by the Union out of the Grievance, including, but not limited to, FLSA designations/classifications, costs, fees, back pay, induced overtime and FLSA overtime compensation of any kind. The covered timeframe is from December 2006 until the Effective Date of this Agreement.

Accordingly, in consideration of the mutual obligations, promises and consideration described in this document, the Parties hereby agree to the following:

### 1. Non-Admission Clause

This Final Settlement Agreement does not constitute an admission by either Party that either Party has violated any statute, regulation, or the Parties' Collective Bargaining Agreement, and is entered into solely for the purpose of globally resolving and settling all issues contained in the Grievance.

### 2. Union Withdrawal of Grievance, Waiver of Claims

Upon full execution of this Final Settlement Agreement, the Union, on behalf of all covered Bargaining Unit Employees (BUEs), past and present, shall withdraw/dismiss the Grievance, with prejudice.

In addition, the Union, on behalf of all covered BUEs, past and present, agrees to release and waive its right to file any complaint, claim, lawsuit, grievance, or appeal against the Agency, its officials, employees, former officials or former employees, or their successors and assignees, including any and all claims against Agency officials, employees, or former officials or employees, in both individual and official capacities, in any state or Federal court, or before any administrative body, tribunal, board, or commission, regarding 1) any matter raised in the Grievance for the timeframe(s) covered by the Grievance.

In particular, the Union releases and forever irrevocably discharges the United States Government, including the Agency, and its respective officers, agents and employees, separately and collectively, from any and all liabilities, obligations, claims and demands, whether in law or in equity, arising out of (1) the FLSA Exemption status of any covered employee who was in the bargaining unit for the covered time period; (2) any claim for compensation, damages, costs or fees under the FLSA for any covered BUE for the covered time period; and (3) any claim for overtime compensation, overtime damages, costs or fees under the Title V for any covered BUE for the covered time period. The Union further agrees that it will not arbitrate or litigate the matters asserted in its Grievance for the covered timeframe for covered BUEs, other than a claim of noncompliance with this Final Settlement Agreement, and/or with the partial Settlement Agreements. To the extent the Union seeks to arbitrate or litigate any such claim(s) of noncompliance, the Union will follow the procedures described in Section 7 herein.

The Parties acknowledge that a similar grievance is pending on behalf of AFGE Council 252. This Final Settlement Agreement does not resolve and does not impact that AFGE Council 252 Grievance.

### 3. The Bargaining Unit

The Agency agrees not to retroactively change the bargaining unit status of any employee represented by the Union so as to include or exclude them from coverage from this Final Settlement Agreement. However, the Parties agree the CBA denotes which employees are excluded from the bargaining unit and that during the covered time period an employee's bargaining unit status may have changed consistent with his or her position as determined by the CBA.

### 4. Monetary Relief

The Parties agree that the following describes the entire monetary relief for the Union on behalf of the entire class of those eligible for damages.

The Parties agree that the Agency shall pay to Snider & Associates, LLC, counsel for the Union, a Total Lump Sum Payment of $14,790,568.00 (fourteen million and seven hundred ninety thousand and five hundred and sixty-eight dollars and no cents) on or before October 31, 2018. This Total Lump Sum Payment of $14,790,568.00 shall constitute the Union Settlement Fund, in recognition and settlement of any and all potential liability for all issues and claims relating to, arising from and/or raised in the Grievance for the period of time beginning no earlier than December 2006 through the Effective Date of this Final Settlement Agreement.

This Total Lump Sum Payment amount settles all claims for relief contained in the Grievance filed in December 2009, including but not limited to (a) unpaid entitlement to overtime, including "capped" overtime claims; (b) unpaid entitlement to compensatory time; (c) unpaid entitlement to induced overtime; (d) unpaid entitlement to "suffered or permitted" overtime as defined by the FLSA; (e) unpaid entitlement to travel time overtime; (f) the Agency's share of any employer obligations arising under FICA or any emoluments for payments made to employees as a result of this Final Settlement Agreement; (g) interest owed on damages claimed in (a) through (e) above; (h) liquidated damages with regard to (a) through (e) above; (i) attorney fees claimed by Union's counsel of record; and (j) all costs and expenses, including those of implementation of this Final Settlement Agreement.

From this Total Lump Sum Payment, $4,880,887.00 (four million and eight hundred eighty thousand and eight hundred and eighty-seven dollars and no cents) is for attorney fees for Snider and Associates, LLC.

From this Total Lump Sum Payment, $85,530.00 (eighty-five thousand and five hundred and thirty dollars and no cents) is for costs and expenses reimbursement for Snider and Associates, LLC.

This Total Lump Sum Payment constitutes a full and complete settlement and full resolution of any and all claims raised by the Union for all covered BUEs for the covered timeframe, except as to any dispute resolved under the enforcement provisions of this

Final Settlement Agreement. The Parties further agree that this Total Lump Sum Payment is a negotiated settlement of all claims and is therefore subject to allocation by the Union for items (a) through (h) in a manner which may not be consistent with any internal Agency allocation.

All outstanding, not-yet-billed, arbitration fees resulting from this matter will be halved and paid equally by the Parties within thirty (30) calendar days from the Effective Date.

## 5. Administration: Distribution of Settlement Funds

The Union Settlement Fund will be allocated, divided and distributed by the Union or its designated agent(s) in a fair and equitable manner, as directed by the Union. The Union may, in its sole discretion, determine amounts to be paid for all items covered by the Agency's Total Lump Sum Payment, including which BUEs may participate in any claims and/or payment process. The Union agrees not to consider race, color, religion, sex, disability, sexual orientation or genetic information when determining which BUEs will receive compensation. The Agency shall not participate in any way in the Union's payment and/or claims process or the distribution of settlement funds, including, but not limited to, performing any calculations or determinations regarding allocation, division and said distribution.

The Union agrees to provide the BUEs a description of the process by which BUE entitlements are calculated, including the amount(s) of damages being paid. The Union will maintain records of all payments for a minimum of six years. The Agency may request those records at any time if the Agency is audited and it is determined the provision of those payment records are necessary or for any other good cause shown by the Agency.

The Parties agree that the Agency shall not be responsible for paying any state, local or federal taxes or withholding or emoluments due as a result of Union Settlement Fund payments, or issuing any W-2, 1099 or any other form to any individual receiving payment under this Final Settlement Agreement. The Union, in distributing funds, is solely responsible for advising employees that they may be subject to the payment of taxes associated with the receipt of said funds. Further, the Union is solely responsible for resolving any disputes or other matters raised by employees relating to distribution of funds from the Union Settlement Fund.

Furthermore, the Parties agree that the Agency will not be held responsible for providing the Union or any BUE with additional information in this matter in connection with the currently outstanding 7114 Requests for Information filed with the Grievance, except to the extent set forth in this Final Settlement Agreement. Regarding the information to be provided by the Agency to the Union, the Parties agree that all of this information is both relevant and necessary to effectuate the settlement of this matter and the distribution of funds. The Parties stipulate that, to the extent this information

would otherwise be prohibited from disclosure pursuant to the Privacy Act or for any other reason, the information is subject to a routine use exception and is fully disclosable as set forth herein.

The Union stipulates that the information released by the Agency in accordance with the below shall not be utilized by the Union or its designated representative(s) for any other purpose or in any other fashion other than for purposed of distribution and implementation, which include facilitating and effectuating the Union's distribution of settlement funds.

**a.** Within sixty (60) calendar days from the Effective Date, the Agency shall provide to Union counsel, to the extent such information is available or accessible to the Agency, in Excel format, quarterly BUE lists for the period of December 2006 through the Effective Date of this Final Settlement Agreement. These bargaining unit lists will include, at a minimum, the following _historical_ data points: list date, name, grade, series, step, position title, geographic location and FLSA status.

**b.** Within sixty (60) calendar days following receipt of the information in (a) above, Union counsel shall submit to the Agency a comprehensive listing, in Excel format, of all current and former BUEs who the Union then believes are likely to receive a payment from the Union Settlement Fund. The Union's 5(b) list shall indicate for which BUEs the Agency shall provide the data set forth in 5(c)2 below.

**c.** **1.** Within sixty (60) calendar days following receipt of the information in (b) above, the Agency shall provide to Union counsel, to the extent such information is available or accessible to the Agency, in Excel format, for each BUE identified in (b), the available last known mailing address, email address, and social security number; and

**2.** Within sixty (60) calendar days following receipt of the information in (b) above, the Agency shall also provide to Union counsel, in Excel format, for each BUE identified in (b) for whom the Union indicate this data is to be provided, the overtime/compensatory time records for the period of December 2006 through the Effective Date. This overtime/compensatory time data shall be provided in raw, unmanipulated data format, in Excel, and will include, at a minimum, the following data points: date, name, grade, series, step, position title, geographic location, FLSA status, schedule, pay rate, hours of OT earned, hours and dollar amounts of OT paid, hours of compensatory time earned, hours of compensatory time used, hours of compensatory time lost and hours and dollar amounts of compensatory time paid.

The Parties recognize that the timely provision of the information in 5(a) and 5(c) is a significant component of this Final Settlement Agreement and that time is of the essence.

Should the Union later identify additional BUEs, whom were not previously identified by the Parties, the Agency agrees to work with the Union to respond to requests for employee information which may be necessary for the Union to process employee claims to be made from the Union Settlement Fund.

The Union's designated representatives may make reasonable use of Agency resources, including the Agency email system, to send and receive notices and information to and from BUE employees regarding implementation of this Final Settlement Agreement, and BUE employees may make reasonable use of Agency resources (email, computer, phone, fax, time, etc.) to participate in implementation and distribution, including any claims process.

### 6. Hold Harmless; Reimbursement for Damages

The Union agrees to hold the United States and the Agency (which for purposes of this section includes all employees, representatives, and agents) harmless for any claims arising between the Union and any employee, Union or Non-Union member, party or individual concerning any action taken by the Union in entering into or implementing this Agreement. The Union agrees to hold the United States and the Agency harmless for any claims arising between the Union and any party or individual over the distribution of funds paid to the Union pursuant to this Agreement. The Agency, the United States, and all of their attorneys, representatives and other agents who participated in the negotiation of this Agreement shall not be held responsible in any way regarding the distribution of any settlement funds flowing from this Agreement. The Union further agrees that it will indemnify and reimburse the Agency for any damages resulting from any finding of liability, including but not limited to joint and several liability, regarding any alleged misconduct in distributing any settlement payment made under this Agreement. The Union also agrees to hold the United States and the Agency harmless and to indemnify them for any claims made by any covered past or present member of the bargaining unit who may successfully raise a claim against the Agency in any forum alleging a violation of the FLSA (or Title V for induced overtime) occurring during the covered timeframe. The Agency agrees that any claim(s) which will or may trigger this indemnification/reimbursement provision will be defended by the Agency in good faith and that Union counsel shall be timely provided with notice of any claim(s) being made.

This Final Settlement Agreement releases both Parties from any liability or future claims resulting from any representation, information or statement disclosed by either Party in the course of the resolution of this matter and the reaching of this Final Settlement Agreement, should it be found hereafter, by either Party, to have been incomplete, inaccurate, or erroneous.

### 7. Dispute Over Terms

In the event that a dispute arises regarding the terms of this Agreement or over the implementation of this Agreement, the Union and Agency agree to attempt to mutually resolve the dispute. The Party alleging a dispute shall notify the other party within ninety (90) calendar days from the date the issue giving rise to the dispute is known, or should reasonably have been known, to the raising Party. If the Parties are unable to mutually resolve their dispute within thirty (30) calendar days from the notification, the Parties agree to submit the dispute to Arbitrator Sharnoff to resolve any such dispute. If Arbitrator Sharnoff is unavailable or declines to hear the dispute, an Arbitrator shall be selected pursuant to the procedures set forth in the Collective Bargaining Agreement between the Parties.

### 8. Non-Precedential Nature of Agreement

This Final Settlement Agreement is entered into for the sole purpose of settling the matters and claims raised and stated herein, and may not be introduced as evidence by either Party, their representatives or their successors or assigns, in any type of litigation, proceeding or dispute between the Parties other than to enforce the terms of this Agreement. Accordingly, this Final Settlement Agreement shall not be cited as precedent in any future grievance, arbitration or litigation between the Parties, and shall not bind the parties in any proceedings, whether judicial or administrative in nature, except as necessary to effectuate the terms of this Final Settlement Agreement.

### 9. Future Actions

The Parties agree that, in the future, the Agency may designate or redesignate current or future bargaining unit positions as FLSA Exempt (or Non-exempt) in accordance with applicable law, rule or regulation. Notice of redesignations shall be provided per the applicable CBA. Any FLSA exemption status disputes, other than those associated with this Final Settlement Agreement, will be resolved in accordance with the applicable procedures in the applicable Collective Bargaining Agreement.

### 10. Amendments or Modifications

This Final Settlement Agreement may not be amended or modified in any manner, except in writing, signed by an authorized representative(s) of both Parties.

### 11. Merger/Severability/Integration

This Final Settlement Agreement contains the entire understanding between the Parties and there are no other terms express or implied. The terms and conditions of this Final Settlement Agreement are contained exclusively within this Final Settlement

Agreement and have been voluntarily agreed upon by the Parties after consultation with their respective counsel.

If, other than the payment provision in Section 4, any portion of this Final Settlement Agreement is determined to be unenforceable, the rest and remainder of this Final Settlement Agreement will remain in full force and effect.

### 12. Authority of the Parties

The Parties agree that they have full authority to enter into this Final Settlement Agreement and to make the promises, representations and releases contained herein.

### 13. Signatures

The Parties stipulate that their signatories have actual authority to enter into this Final Settlement Agreement and to bind their respective Party, successors and assigns.

The Parties agree that any signatures affixed to this Final Settlement Agreement via photocopy or facsimile are valid and enforceable as substitutes for the original signatures.

### 14. Effective Date

This Final Settlement Agreement is effective upon execution by the Parties.

For the Agency:                                    For the Union:

_____                    _____ 9/28/18
ACTING ASSISTANT       Date                        Sharon Harris                  Date
SECRETARY, OIG  9/28/18                            President, AFGE Local 2607

                                                   _____ 9/28/2018
                                                   Michael J. Snider, Esq.        Date
                                                   Counsel for the Union

                                                   _____ 9/28/2018
                                                   Keith A. Kauffman, Esq.        Date
                                                   Counsel for the Union

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Huis Farmer

vs

AFGE

Case Number: 19 - 0003196

Date: 5-14-2019

☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* Huis Farmer | Relationship to Lawsuit |
|---|---|
| Firm Name: | ☐ Attorney for Plaintiff |
| Telephone No.: 301 541 6780  Six digit Unified Bar No.: | ☒ Self (Pro Se) <br> ☐ Other: _____ |

TYPE OF CASE: ☒ Non-Jury  ☐ 6 Person Jury  ☐ 12 Person Jury

Demand: $_____  Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____  Judge:_____  Calendar #:_____

Case No.:_____  Judge:_____  Calendar#:_____

---

**NATURE OF SUIT:**  *(Check One Box Only)*

**A. CONTRACTS**  **COLLECTION CASES**

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
  Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
  Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
  Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
  Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
  Under $25,000 Consent Denied

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)
☐ 03 Destruction of Private Property
☐ 04 Property Damage
☐ 05 Trespass

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
  Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
  Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**
- [x] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment
- [ ] 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

**II.**
- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)
- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- [ ] 20 Master Meter (D.C. Code § 42-3301, et seq.)
- [ ] 21 Petition for Subpoena [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1) (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

**D. REAL PROPERTY**
- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)
- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

_____  5-15-2019
Attorney's Signature          Date